hWEIMER, Judge,
concurring.
I respectfully concur in the result reached by the majority and assign additional reasons.[1]
The defendant is seeking to have the Department of Public Safety and Corrections (DPSC) ordered to recompute his sentence, granting him additional credits against his sentence in the form of diminution of sentence or “good time.”
The record indicates that the defendant is currently serving a sentence for a 1992 conviction for the charge of simple burglary of an inhabited dwelling. He was charged under the Habitual Offender Law (La. R.S. 15:529.1) based on prior convictions from 1988 for possession of stolen property and 1985 for simple burglary of an inhabited dwelling.
The record reflects that the defendant was not charged as a habitual offender in 1992 or 1993 with any of the enumerated crimes in La. R.S. 15:571.3(0(1). However, the defendant does have a 1985 conviction for violation of La. R.S. 40:969, possession of diazepam, which is one of the offenses enumerated in La. R.S. 15:571.3(0(1).
The defendant reads La. R.S. 15:571(0 to require that not only must he have been convicted one or more times of a crime enumerated in the statute, but one of the enumerated crimes for which he has been convicted must be used in the multiple offender bill in order for him to be denied diminution of sentence.
_|The DPSC contends that whether an enumerated crime was used to form part of the basis of the habitual offender charge does not alter the defendant’s non-entitlement to diminution of sentence if he has been, in fact, convicted of an enumerated crime at sometime in the past.
I agree with the position of the DPSC.
The Habitual Offender Law requires only that the individual have committed two or more felonies within the state of Louisiana. It is designed to permit the sentencing court to increase the sentence imposed upon any multiple or “habitual” offender, thereby granting the sentencing court a wider range of punishments. Revised Statute 15:571.3(0 is designed to disallow diminution of sentence which an individual inmate could gain against the sentence imposed.
It is obvious that La.R.S. 15:571.3(C) does not require that an individual’s last conviction be for one of the crimes enumerated in subsection 1 of this statute. Subsection 1 only requires that an individual have one or more convictions for an enumerated crime, and subsection 2 does not specify that the last conviction be for one of the enumerated crimes. The statute does not require that all of the convictions used in the habitual offender charge be enumerated crimes. Furthermore, as the statute does not prescribe a time frame for when the enumerated offenses must have occurred, this issue is not relevant. The statute only requires that the inmate be convicted one or more times of an enumerated crime, that the inmate be sentenced as a habitual offender, and that the last conviction for purposes of the Habitual *317 Offender Law be for a crime committed after September 10,1977.
Diminution of sentence is a benefit designed to reward those inmates who meet certain specification — it is not designed for those who repeatedly engage in criminal conduct.

. I wish to express my gratitude to Commissioner Allen J. Bergeron, Jr. for addressing the issues in such an articulate manner. I have borrowed extensively from his “Commissioner's Recommendation.”